

RECEIVED &
NOV 2 1 2014
SUPERIOR COURT OF NJ
GLO. COUNTY CIVIL PART

GARRY D. LLOYD
Plaintiff Pro Se
1332 Franklinville-Williamstown Road
Williamstown, New Jersey  08094

---

| | |
|---|---|
| GARRY D. LLOYD, | SUPERIOR COURT OF NEW JERSEY |
| | GLOUCESTER COUNTY |
| Plaintiff, | LAW DIVISION |
| | |
| v. | DOCKET NO. GLO-L-    -14 |
| | |
| NEW JERSEY STATE POLICE, | Civil Action |
| TROOPER MICHAEL C. MURRAY, | |
| SERGEANT K.H. NOCON, | |
| DETECTIVE SERGEANT BRIAN J. SMITH, | |
| LIEUTENANT J. MYERS, and | COMPLAINT |
| MAJOR EDWARD SANTIAGO, | |
| | |
| Defendant. | |

Plaintiff, **GARRY D. LLOYD**, residing at 1332 Franklinville-Williamstown Road, in the Township of Monroe and the State of New Jersey, by way of Complaint says:

### INTRODUCTORY STATEMENT

1.)    This is a civil action against the Defendants for monetary relief.  It seeks to redress the deprivation under color of law of the rights, privileges and immunities secured by the United States Constitution and the amendments thereto, the laws of the United States, including, _inter alia_, 42 U.S.C. § 1983, the Constitution of the State of New Jersey of 1947 and the laws of the State of New Jersey.

2.)    Plaintiff also asserts claims pursuant to the common law of the State of New Jersey.

## PARTIES

3.)    Plaintiff **GARRY D. LLOYD** is a resident of Monroe Township, in Gloucester County, New Jersey.

4.)    At all times relevant hereto, Defendant **TROOPER MICHAEL C. MURRAY** was employed by the New Jersey State Police as a patrol officer and stationed at the Bridgeton, New Jersey barracks.

5.)    At all times relevant hereto, Defendant **SERGEANT K.H. NOCON** was employed by the New Jersey State Police as a supervisory Sergeant stationed at the Bridgeton, New Jersey barracks.

6.)    At all times relevant hereto, Defendant **DETECTIVE SERGEANT BRIAN J. SMITH** was employed by the New Jersey State Police as a detective sergeant stationed at the Bridgeton, New Jersey barracks.

7.)    At all times relevant hereto, **LIEUTENANT J. MYERS** was employed by the New Jersey State Police as a lieutenant with supervisory and oversight responsibilities at the Bridgeton barracks, whose supervisory and oversight responsibilities extended to the foregoing named Defendants.

8.)    At all times relevant hereto, **MAJOR EDWARD SANTIAGO** was employed by the New Jersey State Police as a major with supervisory and oversight responsibilities over New Jersey State Police officers stationed at, inter alia, the Bridgeton barracks, whose supervisory and oversight responsibilities include personnel

- 2 -

stationed at the Bridgeton, New Jersey barracks.

      9.)    Defendant, NEW JERSEY STATE POLICE, is a public entity under the laws of the State of New Jersey; and at all times relevant hereto, it was the employer of Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON, DET. SGT. BRIAN J. SMITH, LT. J. MYERS, and MAJ. EDWARD SANTIAGO.  It is charged with the responsibility of establishing and enforcing policies for the training and actions of its employees, as well as the actual supervision of its employees.

      10.)    Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON, DET. SGT. BRIAN J. SMITH, LT. J. MYERS, and MAJ. EDWARD SANTIAGO were individually involved in the deprivation of Plaintiff GARRY D. LLOYD's constitutional rights and in the other acts of wrongful conduct more fully described herein below.  Each Defendant was acting under color of law, and each is being sued in his individual and official capacities.

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

      11.)    On or about January 5, 2012, Defendant TROOPER MICHAEL C. MURRAY became involved in the investigation of a piece of movable property, to wit, a 1999 Bobcat x325 mini-excavator, serial no. 514016890 and valued at $15,000. belonging to the Martin Corporation.

      12.)    On or about February 6, 2012, after purportedly receiving an anonymous tip, Defendant TROOPER MICHAEL C. MURRAY located the missing property on an open area at 4624 Coles Mill Road in Monroe Township, New Jersey.

13.)     Defendant **TROOPER MICHAEL C. MURRAY** then contacted the owner of the missing property to come and retrieve the property, which the owner did.

14.)     During the course of his investigation, Defendant **TROOPER MICHAEL C. MURRAY** identified Plaintiff **GARRY D. LLOYD** as the prime suspect in the theft of the missing property.

15.)     On or about February 7, 2012, Defendant **TROOPER MICHAEL C. MURRAY** traveled to 1332 Franklinwille-Williamstown Road in Monroe Township, New Jersey to speak with Plaintiff **GARRY D. LLOYD** about the missing property.  After meeting Plaintiff **GARRY D. LLOYD** on his (Plaintiff's) property, Defendant **TROOPER MICHAEL C. MURRAY** instructed Plaintiff to follow him (**MURRAY**) in his (Plaintiff's) vehicle to the New Jersey State Police barracks in Bridgeton, New Jersey.  Plaintiff **GARRY D. LLOYD** complied.

16.)     Once at the New Jersey State Police barracks, Defendant **TROOPER MICHAEL C. MURRAY** accused Plaintiff **GARRY D. LLOYD** of receiving stolen property; informed Plaintiff of his Miranda rights; and asked Plaintiff to make an inculpatory statement.

17.)     Plaintiff **GARRY D. LLOYD** then signed a document acknowledging his Miranda rights; advised Defendant **TROOPER MICHAEL C. MURRAY** that he did not wish to make a statement; and, recognizing the criminal nature of the matter, asked to consult with a lawyer.

18.)     Whereupon, Defendant **TROOPER MICHAEL C. MURRAY** became agitated and incensed at Plaintiff, arresting Plaintiff for the crime of receiving stolen property and placing Plaintiff in a holding cell.  Upon arresting Plaintiff, Defendant **TROOPER MICHAEL**

- 4 -

C. MURRAY handcuffed Plaintiff with the handcuffs so tight that Plaintiff complained several times that he was losing blood circulation in his hands and imploring Defendant TROOPER MICHAEL C. MURRAY to adjust the handcuffs. Plaintiff's imprecations to Defendant were unavailing.

19.)    After arresting and confining Plaintiff GARRY D. LLOYD, Defendant TROOPER MICHAEL C. MURRAY threatened to do everything in his (MURRAY's) power to assure that Plaintiff's bail was set at $100,000. Defendant also referred to Plaintiff repeatedly as "a piece of shit," and made comments to the effect that Plaintiff was guilty of this crime and would be convicted again because Plaintiff had prior felony convictions.

20.)    On or about February 7, 2012, Defendant TROOPER MICHAEL C. MURRAY did falsely and maliciously and without probable cause prosecute and aid in prosecuting a criminal complaint against Plaintiff GARRY D. LLOYD, causing Plaintiff to be confined in jail.

21.)    As a result of the false complaint, Plaintiff GARRY D. LLOYD was incarcerated in jail; was obliged to expend money to procure sureties for his release; and remained in jail for three days.

22.)    On or beginning on February 7, 2012 and continuing up to and until approximately March 12, 2012, Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON and DET. SGT. BRIAN J SMITH were involved in the preparation of arrest and investigation reports alleging Plaintiff GARRY D. LLOYD as the perpetrator of a crime which he did not commit. Said reports were, at a minimum, initiated

by Defendant TROOPER MICHAEL C. MURRAY; and were, at a minimum, acquiesced to and approved by Defendants SGT. K.H. NOCON and DET. SGT. BRIAN J. SMITH. At all times relevant hereto, Defendants MURRAY, NOCON and SMITH knew of the falsity of these reports; and did maliciously and without probable cause prosecute and aid in the prosecution of a criminal action against Plaintiff GARRY D. LLOYD.

23.) On or about May 16, 2012, Defendant TROOPER MICHAEL C. MURRAY did appear before a Grand Jury sitting in Woodbury, New Jersey for the purpose of providing evidence to that body for the purpose of criminally charging Plaintiff GARRY D. LLOYD. As a result of Defendant TROOPER MICHAEL C. MURRAY's testimony, said Grand Jury indicted Plaintiff in a one-count true bill for receiving stolen property, in violation of N.J.S.A. 2C:20-7(a). Defendant TROOPER MICHAEL C. MURRAY proffered testimony which was knowingly and willfully false to the Grand Jury, which testimony was the sole proximate cause of Plaintiff's indictment. Wherefore, Defendant TROOPER MICHAEL C. MURRAY's testimony before the Grand Jury on May 16, 2012 did falsely and maliciously and without probable cause prosecute and aid in prosecuting a criminal action against Plaintiff GARRY D. LLOYD.

24.) Beginning in March 2012 and up until June 2013, Plaintiff GARRY D. LLOYD dutifully appeared before the Law Division-- Criminal Part in the Superior Court of New Jersey in Gloucester County to stand trial and answer to the indictment. At no time was Plaintiff's criminal case called for trial, notwithstanding Plaintiff's repeated entreaties to the Court and the State to be

tried.

        25.)    At no time did Defendant TROOPER MICHAEL C. MURRAY appear before the Superior Court to proffer testimony or give evidence against Plaintiff.

        26.)    On or about August 30, 2013, the State of New Jersey, acting through the Gloucester County Prosecutor's Office, moved before the Superior Court to dismiss the indictment against Plaintiff. On that date, said one-count indictment was ordered dismissed.

        27.)    By reason of the false and malicious prosecution, Plaintiff GARRY D. LLOYD was injured in both body and mind, both physically and emotionally; and has suffered, still suffers and will in the future suffer great pain and anguish. Moreover, Plaintiff was prevented from following his customary pursuit in his usual occupation (which required extensive travel), consequently losing large sums of money due to his inability to pursue his usual occupation and daily functions and activities; has suffered greatly in his credit and his reputation; and has foregone or lost substantial income and wages on account of his lengthy and unwarranted malicious prosecution. Moreover, in addition to suffering lost wages, Plaintiff was obliged, and still is, and will be obliged in the future to expend sums of money for medical and other needed care for the relief of the aforesaid physical and emotional injuries.

        28.)    On or about November 25, 2013, Plaintiff GARRY D. LLOYD, acting pro se, timely served notice of his impending

civil action as prescribed by <u>N.J.S.A.</u> 59:8-3, et seq.

### FIRST COUNT

(Against all Defendants)

[VIOLATION OF FEDERAL CIVIL RIGHTS]

29.)    Plaintiff repeats and incorporates the allegations contained in paragraphs 1 through 28 as though related herein verbatim and at length.

30.)    On or about February 7, 2012, Plaintiff **GARRY D. LLOYD** was residing at his home at 1332 Franklinville-Williamstown Road in Monroe Township, New Jersey.

31.)    On or about February 6, 2012, Defendant **NEW JERSEY STATE POLICE** was a public entity.

32.)    On or about February 6, 2012, Defendants **TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON** and **DET. SGT. BRIAN J. SMITH** were involved in investigating the theft of an item of movable property, to wit, one 1999 Bobcat x325 mini-excavator, serial no. 514016890 and valued at $15,000. belonging to the Martin Corporation.

33.)    On or about February 6, 2012, Defendants **LT. J. MYERS** and **MAJ. EDWARD SANTIAGO** had supervisory and oversight responsibility over Defendants **TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON** and **DET. SGT. BRIAN J. SMITH.**

34.)    On or about February 7, 2012, the Defendant public entity and/or its employees without probable cause wrongfully detained, arrested and charged Plaintiff **GARRY D. LLOYD** with the theft of the aforementioned property.

35.)   Plaintiff **GARRY D. LLOYD** did not commit the theft.

36.)   On or about August 30, 2013, the Gloucester County Prosecutor's Office made an application to the Superior Court of New Jersey in Gloucester County to dismiss the indictment charging Plaintiff **GARRY D. LLOYD** with receipt of stolen property, which application was granted by the Court.

37.)   The actions of Defendants **NEW JERSEY STATE POLICE**, **TROOPER MICHAEL C. MURRAY**, **SGT. K.H. NOCON**, **DET. SGT. BRIAN J. SMITH**, **LT. J. MYERS** and **MAJ. EDWARD SANTIAGO** were in violation of Plaintiff's civil rights, as guaranteed under the Constitution and laws of the United States, and codified at 42 U.S.C. § 1983, et seq.

38.)   As a result of the conduct of these Defendants, Plaintiff **GARRY D. LLOYD** was caused to suffer severe emotional distress and humiliation; has suffered great pain and anguish; has suffered greatly in his credit and reputation; and has suffered substantial lost income and wages on account of his lengthy and malicious prosecution.

**WHEREFORE**, Plaintiff **GARRY D. LLOYD** demands judgment for damages generally against Defendants **NEW JERSEY STATE POLICE**, **TROOPER MICHAEL C. MURRAY**, **SGT. K.H. NOCON**, **DET. SGT. BRIAN J. SMITH**, **LT. J. MYERS** and **MAJ. EDWARD SANTIAGO**, jointly and severally, as follows:

      A.   Compensatory damages;

      B.   Punitive damages;

      C.   Costs of suit and interest;

D. Reasonable attorneys' fees (if applicable), pursuant to, _inter alia_, 42 U.S.C. § 1988; and

E. Any other relief the Court deems appropriate and just.

## SECOND COUNT

(Against all Defendants)

[VIOLATION OF STATE CIVIL RIGHTS]

39.) Plaintiff repeats and incorporates the allegations contained in paragraphs 1 through 38 as though related herein verbatim and at length.

40.) The actions of Defendants NEW JERSEY STATE POLICE, TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON, DET. SGT. BRIAN J. SMITH, LT. J. MYERS and MAJ. EDWARD SANTIAGO were in violation of Plaintiff's civil rights, as guaranteed under the Constitution of the State of New Jersey of 1947, and codified at, _inter alia_, N.J.S.A. 10:6-2 and 2C:13-3.

41.) As a result of the conduct of these Defendants, Plaintiff GARRY D. LLOYD was caused to suffer extreme emotional distress and humiliation, and physical manifestations thereof; has suffered greatly in his credit and reputation; and has suffered substantial lost income and wages on account of his lengthy and malicious prosecution.

WHEREFORE, Plaintiff GARRY D. LLOYD demands judgment for damages generally against Defendants NEW JERSEY STATE POLICE, TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON, DET. SGT. BRIAN J. SMITH, LT. J. MYERS and MAJ. EDWARD SANTIAGO, jointly and severally, as

- 10 -

follows:

    A.  Compensatory damages;

    B.  Punitive damages;

    C.  Costs of suit and interest;

    D.  Reasonable attorneys' fees (if applicable); and

    E.  Any other relief the Court deems appropriate and just.

## THIRD COUNT

(Against Defendants Murray, Nocon and Smith)

[FALSE ARREST/FALSE IMPRISONMENT]

42.) Plaintiff repeats and incorporates the allegations contained in paragraphs 1 through 41 as though related herein verbatim and at length.

43.) On or about February 7, 2012, Defendant **TROOPER MICHAEL C. MURRAY** seized and arrested Plaintiff **GARRY D. LLOYD** at the Bridgeton barracks of the New Jersey State Police. Defendants **SGT. K.H. NOCON** and **DET. SGT. BRIAN J. SMITH** knew of, acquiesced and approved Defendant **MURRAY**'s seizure of Plaintiff.

44.) The seizure and arrest of Plaintiff **GARRY D. LLOYD** occurred without probable cause.

45.) The seizure and arrest of Plaintiff **GARRY D. LLOYD** was affected with malicious intent by the aforesaid Defendants.

46.) The seizure and arrest of Plaintiff **GARRY D. LLOYD** was against Plaintiff's will and lacked legal authority or legal justification.

- 11 -

WHEREFORE, Plaintiff GARRY D. LLOYD demands judgment for damages against the Defendants, TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON and DET. SGT. BRIAN J. SMITH, jointly and severally, as follows:

      A.   Compensatory damages;

      B.   Punitive damages;

      C.   Attorneys' fees (if applicable), costs of suit and interest; and

      D.   Any further relief that this Court deems appropriate and just.

## FOURTH COUNT

(Against Defendants Murray, Nocon and Smith)

[MALICIOUS PROSECUTION]

47.)    Plaintiff repeats and incorporates the allegations contained in paragraphs 1 through 46 as though related herein verbatim and at length.

48.)    On or about February 7, 2012, a complaint was made against Plaintiff GARRY D. LLOYD charging Plaintiff with receiving stolen property, in violation of N.J.S.A. 2C:20-7(a).

49.)    On or about February 7, 2012, upon request by Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON and DET. SGT. BRIAN J. SMITH, a warrant was issued upon said complaint for the arrest of Plaintiff.

50.)    On or about May 16, 2012, Defendant TROOPER MICHAEL C. MURRAY appeared before a Grand Jury sittin in Woodbury

for the purpose of giving testimony to that body, then considering whether to indict Plaintiff GARRY D. LLOYD for the crime of receiving stolen property, in violation of N.J.S.A. 2C:20-7(a). After hearing Defendant TROOPER MICHAEL C. MURRAY's testimony, the Grand Jury returned a true bill naming Plaintiff as the criminal defendant.

51.)   Said indictment was not dismissed until on or about August 30, 2013.

52.)   Said charge of receiving stolen property against Plaintiff was false; and was instituted recklessly, there being no reasonable or probable cause for the prosecution, and being malicious in nature.

53.)   This malicious prosecution has injured Plaintiff, causing significant emotional distress and humiliation and damage to the Plaintiff; causing Plaintiff to suffer great pain and anguish; causing Plaintiff to suffer greatly in his credit and reputation; and causing Plaintiff to suffer substantial lost income and wages on account of his lengthy and malicious prosecution.

WHEREFORE, Plaintiff GARRY C. LLOYD demands judgment for damages generally against Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON and DET. SGT. BRIAN J. SMITH, jointly and severally, as follows:

A.   Compensatory damages;

B.   Punitive damages;

C.   Attorneys' fees (if applicable), costs of lawsuit and interest; and

D.   Any further relief that this Court deems appropriate and just.

- 13 -

<u>FIFTH COUNT</u>

(Against Defendants Murray, Nocon and Smith)

[INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]

54.)     Plaintiff repeats and incorporates the allegations contained in paragraphs 1 through 53 as though recited herein verbatim and at length.

55.)     The conduct of Defendants **TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON** and **DET. SGT. BRIAN J. SMITH**, as set forth above, was accompanied by wanton, reckless and willfull disregard of the high degree of probability that Plaintiff **GARRY D. LLOYD** would suffer emotional distress as a result of said Defendants' actions.

56.)     The damages suffered by Plaintiff **GARRY D. LLOYD** were caused by Defendants **TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON** and **DET SGT. BRIAN J. SMITH**'s intentional and/or reckless acts or omissions.

57.)     The conduct of Defendants **TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON** and **DET. SGT. BRIAN J. SMITH** was severe and outrageous, constituting an intentional infliction of emotional distress upon Plaintiff **GARRY D. LLOYD**.

58.)     When the said Defendants engaged in the described conduct, they did so deliberately and intentionally with the knowledge and/or intent that said conduct would likely cause Plaintiff **GARRY D. LLOYD** severe emotional distress.

59.)     As a direct and proximate result, Plaintiff

GARRY D. LLOYD suffered extreme and severe emotional distress, anxiety and physical manifestations thereof, all to his detriment and damage.

WHEREFORE, Plaintiff GARRY D. LLOYD demands judgment against the Defendants, TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON and DET. SGT. BRIAN J. SMITH, jointly and severally, as follows:

A.   Compensatory damages;

B.   Punitive damages;

C.   Attorneys' fees (if applicable), costs of suit and interest; and

D.   Any further relief that this Court deems appropriate and just.

## SIXTH COUNT

(Against Defendants Murray, Nocon and Smith)

[NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS]

60.)   Plaintiff repeats and incorporates the allegations contained in paragraphs 1 through 59 as though recited herein verbatim and at length.

61.)   If not done deliberately and/or willfully, intentionally and/or recklessly, the conduct of Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON and DET. SGT. BRIAN J. SMITH as set forth above was negligent.

62.)   It was reasonably foreseeable by Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON and DET. SGT. BRIAN J. SMITH that the complained-of conduct would cause genuine and substantial distress or harm to the average person.

- 15 -

63.)    As a direct and proximate result of the conduct of Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON and DET. SGT. BRIAN J. SMITH, Plaintiff GARRY D. LLOYD suffered extreme and severe emotional distress, humiliation and physical manifestations thereof, all to his detriment and damage.

64.)    By reason of such negligent infliction of emotional distress, Plaintiff GARRY D. LLOYD has suffered damages.

WHEREFORE, Plaintiff GARRY D. LLOYD demands judgment against the Defendants, TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON and DET. SGT. BRIAN J. SMITH, jointly and severally, as follows:

    A.  Compensatory damages;

    B.  Attorneys' fess (if applicable), costs of suit and interest; and

    C.  Any further relief that this Court deems appropriate and just.

## SEVENTH COUNT

(Against Defendants Murray, Nocon and Smith)

[NEGLIGENCE]

65.)    Plaintiff repeats and incorporates the allegations contained in paragraphs 1 through 64 as though recited herein verbatim and at length.

66.)    The acts of Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON and DET. SGT. BRIAN J. SMITH as set forth above were negligent.

67.)    It was reasonably foreseeable by said Defendants that their conduct would cause injury to Plaintiff GARRY D. LLOYD.

68.)    As a direct and proximate result of the negligence of Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON and DET. SGT. BRIAN J. SMITH, Plaintiff GARRY C. LLOYD suffered physical and emotional injuries and financial loss.

WHEREFORE, Plaintiff GARRY D. LLOYD demands judgment against Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON and DET. SGT. BRIAN J. SMITH, jointly and severally, as follows:

A.    Compensatory damages;

B.    Attorneys' fees (if applicable), costs of suit and interest; and

C.    Any further relief that this Court deems appropriate and just.

## EIGHTH COUNT

(Against Defendant New Jersey State Police)

[VICARIOUS LIABILITY]

69.)    Plaintiff repeats and incorporates the allegations contained in paragraphs 1 through 68 as though recited herein verbatim and at length.

70.)    At all relevant times, Defendant TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON, DET. SGT. BRIAN J. SMITH, LT. J. MYERS and MAJ. EDWARD SANTIAGO were servants, agents and/or employees of Defendant NEW JERSEY STATE POLICE.

71.)    The acts and omissions of Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON, DET. SGT. BRIAN J. SMITH, LT. J. MYERS and MAJ. EDWARD SANTIAGO as set forth above were taken performance of their respective duties as servants, agents and/or

- 17 -

employees of Defendant NEW JERSEY STATE POLICE.

72.)   The said acts and omissions were incidental to the performance of the duties of Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON, DET. SGT. BRIAN J. SMITH, LT. J. MYERS and MAJ. EDWARD SANTIAGO.

73.)   Defendants TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON, DET. SGT. BRIAN J. SMITH, LT. J. MYERS and MAJ. EDWARD SANTIAGO's intentional, malicious, reckless and/or negligent acts occurred substantially within the time and space limits of their employment and were motivated in part to serve Defendant NEW JERSEY STATE POLICE.

WHEREFORE, Plaintiff GARRY D. LLOYD demands judgment against Defendant NEW JERSEY STATE POLICE, jointly and severally, as follows:

A.   Compensatory damages;

B.   Punitive damages;

C.   Attorneys' fees (if applicable), costs of suit and interest; and

D.   Any further relief that this Court deems appropriate and just.

### NINTH COUNT

(Against Defendants Nocon, Smith, Myers and Santiago)

[FAILURE TO ACT]

74.)   Plaintiff repeats and incorporates the allegations contained in paragraphs 1 through 73 as though recited herein verbatim and at length.

75.)     Defendants SGT. K.H. NOCON, DET. SGT. BRIAN J. SMITH, LT. J. MYERS and MAJ. EDWARD SANTIAGO each knew of the actions of Defendant TROOPER MICHAEL C. MURRAY, yet did nothing to prevent or stop them.

76.)     By reason of their presence at the scene, said Defendants were each duty-bound to attempt to stop or prevent the unlawful conduct of Defendant TROOPER MICHAEL C. MURRAY and the other Defendants upon Plaintiff GARRY C. LLOYD.

77.)     The said Defendants each took no action or intentionally insufficient action to stop or prevent the acts of the other Defendants.

78.)     As a direct and proximate result, Plaintiff GARRY D. LLOYD has been damaged.

WHEREFORE, Plaintiff GARRY D. LLOYD demands judgment against Defendants SGT. K.H. NOCON, DET. SGT. BRIAN J. SMITH, LT. J. MYERS and MAJ. EDWARD SANTIAGO, jointly and severally, as follows:

    A.   Compensatory damages;

    B.   Attorneys' fees (if applicable),
         costs of suit and interest; and

    C.   Any further relief that this Court
         deems appropriate and just.

### TENTH COUNT

(Against all Defendants)

[GROSS NEGLIGENCE AND PUNITIVE DAMAGES]

79.)     Plaintiff repeats and incorporates the allegations

- 19 -

contained in paragraphs 1 through 78 as though recited herein verbatim and at length.

80.)   The acts of all of the Defendants were knowing, intentional, willful, malicious, wanton, reckless and grossly negligent.

81.)   For these reasons, Plaintiff **GARRY D. LLOYD** is entitled to an award of compensatory and punitive damages against all Defendants.

**WHEREFORE,** Plaintiff **GARRY D. LLOYD** demands judgment against all Defendants, jointly and severally, as follows:

   A.   Compensatory damages;

   B.   Punitive damages;

   C.   Attorneys' fess (if applicable),
        costs of suit and interest; and

   D.   Any further relief that this Court
        deems appropriate and just.

## JURY DEMAND

Plaintiff **GARRY D. LLOYD** hereby demands a trial by jury as to all issues.

## CERTIFICATION--NO OTHER ACTION TAKEN (R. 4:5-1)

Pursuant to the provisions of N.J. Court Rule 4:5-1, the undersigned Plaintiff **GARRY D. LLOYD** certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding. The Plaintiff further certifies that he has no knowledge of any contemplated action or arbitration

- 20 -

proceeding which is contemplated regarding the subject matter of this action.   The Plaintiff further certifies that he is not aware of any other party or parties who should be joined in this action.

## DESIGNATION OF COUNSEL

At the time of this filing and pursuant to the provisions of New Jersey Court Rule 4:25-4, the Court is advised that Plaintiff GARRY D. LLOYD, acting pro se, is hereby designated as trial counsel.

## DEMAND FOR ANSWERS TO INTERROGATORIES AND SUPPLEMENTAL INTERROGATORIES

Plaintiff GARRY D. LLOYD hereby demands that Defendants NEW JERSEY STATE POLICE, TROOPER MICHAEL C. MURRAY, SGT. K.H. NOCON, DET. SGT. BRIAN J. SMITH, LT. J. MYERS and MAJ. EDWARD SANTIAGO provide answers to interrogatories as follows:

FORM C INTERROGATORIES, as set forth in Appendix I of the New Jersey Court Rules effective September 1, 1998.

DATED: 11/21/2014

_____
GARRY D. LLOYD
Plaintiff Pro Se

## CERTIFICATION OF SERVICE

I, the undersigned, hereby certify that one (1) true and correct copy of the within Complaint was served via first-class prepaid U.S. mail; and via certified U.S. mail--return receipt requested, said copy being in a sealed envelope and duly addressed to the following on behalf of all Defendants:

> State of New Jersey
> Office of the Attorney General
> P.O. Box 080
> Trenton, New Jersey  08625-0080

I further certify that the original and one (1) true and correct copy of the within Complaint and supporting papers have been filed with the Clerk of the Superior Court of Gloucester County, via hand-delivery, on this same date.


DATED: 11 - 21 - 2014

GARRY D. LLOYD